RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE  4 / 9 / 08
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| TU LE | : | DOCKET NO. 06-1044 |
| VS. | : | JUDGE TRIMBLE |
| TETRA TECHNOLOGIES, INC., ET AL | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment on Seaman Status & Liability" (doc. #20) wherein defendant, C & G Welding, Inc. ("C & G") moves the Court for summary judgment against plaintiff, Tu Le, on the basis that he is not a Jones Act seaman. Tu le does not oppose the motion.

### FACTUAL STATEMENT

This case involves an incident wherein the plaintiff was assaulted by a crane operator, Lou Lou, allegedly causing injuries to plaintiff's ribs, chest, neck, shoulder and lower back. Tu Le has filed suit against both C & G and Tetra Technologies, Inc.("Tetra"). On the date of the accident, Tu Le was employed by C & G[1] and was working as a welder for Tetra on the D/B ARAPAHO. The vast majority of Tu Le's work was performed on the platform as opposed to the vessel.[2] On the date of the accident, C&G did not own any vessels, provided no tools to Tu Le, provided no supervisors, and did not control Tu Le's job site or work conditions.

---

[1] C & G provided temporary workers for Tetra, including Tu Le.

[2] Tu Le estimated that as much as 80-90% of his time was spent on the platform.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[3] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[4] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[5] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[6] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[7] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[8] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[9] If the evidence

---

[3] Fed. R.Civ. P. 56(c).

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[5] *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

[6] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[7] *Anderson*, 477 U.S. at 249.

[8] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[9] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

is merely colorable, or is not significantly probative, summary judgment may be granted."[10]

## LAW AND ANALYSIS

Tu Le has filed suit against both C & G and Tetra asserting claims under the Jones Act and the General Maritime Law. C & G maintains that because Tu Le is not a seaman it must be dismissed with full prejudice. "Seaman" is a maritime term of art. The United States Supreme Court first established rules on seaman status in *McDermott International v. Wilander.*[11] In *McDermott*, the Supreme Court adopted the reasoning of the Fifth Circuit in *Offshore Co. V. Robison,*[12] and determined that a seaman is one who: (1) has a more or less permanent connection with, or performs a substantial part of his work aboard; (2) a vessel in navigation; and (3) is aboard the vessel primarily in aid of navigation, or in aid of the special mission of the vessel. *Wilander* explained that "the key to seaman status is employment-related connection to a vessel in navigation."[13] The Supreme Court held a necessary element of the connection is that the seaman performs the work of the vessel.[14]

In *Chandris, Inc. v. Latsis,*[15] the Supreme Court held that the precise relationship a maritime worker must have with a vessel in order to qualify for Jones Act coverage has two essential requirements:

---

[10] *Anderson,* 477 U.S. at 249-50.

[11] 5498 U.S. 337, 111 S.Ct. 807 (1991).

[12] 266 F.2d 769 (5th Cir. 1959).

[13] *Wilander,* 498 U.S. at 354.

[14] *Id.* at 355.

[15] 515 U.S. 347, 349, 115 S.Ct. 2172, 2181 (1995).

(1) an employee's duties must contribute to the function of the *vessel* or to the accomplishment of its mission; and

(2) the employee must have an employment-related connection to a vessel in navigation (or an identifiable group of such vessels) that is substantial in terms of both its duration and nature.[16]

Tu Le testified that almost all of his welding work (80-90%) during the job in question was performed on the platform. C & G asserts that other than eating and sleeping on board the D/B ARAPAHO, Tu Le had no other connection to the D/B ARAPAHO on this job. Tu Le testified that at times he would perform some welding work on board the D/B ARAPAHO; Tu Le referred to this work which took place during when the vessel was on standby for weather as maintenance. The Court finds that Tu Le did not have the requisite employment related connection to a vessel in navigation that was substantial in terms of its duration and nature. Accordingly, Tu Le was not a seaman within the meaning of the Jones Act.

## CONCLUSION

Based on the foregoing, the motion for summary judgment will be granted dismissing with prejudice defendant, C & G Welding, Inc.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 9th day of April, 2008.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[16] *Id.* at 376.